**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4447**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS LAMONT WATSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, District Judge.  (CR-03-216)

_____

Submitted:  May 25, 2005            Decided:  June 30, 2005

_____

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nachmanoff, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Charles E. James, Jr., Assistant United States Attorneys, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Thomas Lamont Watson was convicted on one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846 (2000), and two counts of using a communication facility in the commission of a felony and aiding and abetting such conduct, in violation of 21 U.S.C. § 843(b) (2000) and 18 U.S.C. § 2 (2000). The district court sentenced Watson under the Federal Sentencing Guidelines to 135 months in prison. Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), Watson asserts that his sentence is unconstitutional. We affirm Watson's conviction, vacate his sentence, and remand for resentencing.

Watson contends that his sentence is unconstitutional in light of Blakely. Because he did not raise this issue in the district court, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If the defendant establishes these requirements, the court may exercise its discretion to notice the error "only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public

- 2 -

reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S.Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Watson under the mandatory Federal Sentencing Guidelines and sentenced him based on drug quantities found by a preponderance of the evidence. Specifically, the jury found that Watson was responsible for five to forty-nine grams of crack cocaine and less than five hundred grams of powder cocaine, but did not make specific findings regarding the precise drug quantities within these ranges. The court then attributed to Watson "49 grams" of crack cocaine and "500 grams" of powder cocaine. (J.A. 524). This resulted in a base offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(a)(3), (c)(4) (2003). Because the jury verdict had attributed "less than" five hundred grams to Watson, the five hundred grams of powder cocaine quantity attributed to him in the

Presentence Report ("PSR") and adopted by the district court at sentencing was outside the range authorized by the jury verdict. Furthermore, this seemingly small difference is significant, because five hundred grams represents the demarcation line between quantities carrying different base offense levels for sentencing purposes.[1]  See USSG § 2D1.1(c)(7), (8).  Finally, the wide range of drug quantity lumped together by the verdict form encompassed several smaller quantity ranges, which are assigned increasingly high base offense levels by the Guidelines.  See USSG § 2D1.1(c)(8)-(14).  As a result, in light of Booker and Hughes, we find that the district court plainly erred in sentencing Watson and the error warrants correction.[2]  We therefore vacate the sentence and remand to the district court for resentencing.[3]

For the reasons stated, although we affirm Watson's convictions, we vacate his sentence and remand for resentencing

---

[1] The PSR converted these drug quantities into a single aggregate marihuana quantity, as the Guidelines direct.  See USSG § 2D1.1, comment. (n.10).  Because the conversion calculations are not included in the PSR, it is unclear whether "five hundred grams" or "less than five hundred grams" was actually used in making those calculations.  The PSR, however, unambiguously purported to use "500 grams."  (J.A. 524).

[2] Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Watson's sentencing.  401 F.3d at 545 n.4.

[3] Watson also asserts that the district court erroneously calculated his criminal history score by assessing three points for two prior drug convictions. Because we remand on other grounds, we need not reach this contention.

- 4 -

consistent with <u>Booker</u> and <u>Hughes</u>.[4]  We deny as moot Watson's motion to place his appeal in abeyance pending the decision in <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART,</u><br>
<u>AND REMANDED</u>

---

[4] Although the Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767 (Breyer, J., opinion of the Court).  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. <u>Hughes</u>, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A.  § 3553(c)(2) (West 2000 & Supp. 2005).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.